Filed Feb. 7, 1891.

---

No. 14,664.

## McCormick v. Smith.

DEPOSITION.—*Suppression of Part of Answer.*—The suppression of a part
of a witness's answer to a question propounded to him in taking a depo-
sition, which has the effect of completely destroying his answer thereto,
is error.

FRAUDULENT CONVEYANCE.—*Trustee.*—*Lien of Judgment.*—*Proof of Consid-
eration.*—*Assumption of Debt by Grantee.*—*Preference of Creditors.*—W. was
indebted to M. who was in failing circumstances, and said M. was in-
debted to A., G., B., T., L., I. and others. I. had a judgment against
M. on his debt. W. conveyed a tract of land to A., in consideration
of A. paying W.'s debt to M. and assuming the debts of G., B., T. and L.,
and cancelling his own debt against M. M. assented to this arrange-
ment.

*Held*, that it was error to refuse to allow W., after having fully testified
to the arrangement, on cross-examination, to testify that part of the con-
sideration was the assuming of M.'s debts to G., T. and others.

*Held*, also, that it was not error to allow him to testify on cross-examina-
tion that M. desired to pay his debts; that he was willing to agree to any
arrangement to pay them off; that he, W., after seeing M., went to A.
and A. agreed to take the tract at the price named by W. in payment
of his debt from M., and that M. agreed to pay certain other of A.'s
debts due to G., T. and others.

*Held*, also, that A. was not a trustee for W.; that I.'s judgment was not a
lien on the land conveyed; that a sale of such land upon execution
issued on said judgment was void, if the transaction was entered into
and carried out in good faith; that it made no difference how A. paid
L., G., B. and T., and that I. could not object on the ground that he
was not a preferred creditor.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor*, for appellant.
*A. J. Padgett* and *A. Paget*, for appellee.

BERKSHIRE, J.—This was an action to recover real estate and to quiet title to the same.

The appellee answered the same by general denial and filed a cross-complaint, which was answered by the appellant with a general denial.

The issues were submitted to a jury and a verdict returned for the appellee.

A motion for a new trial was overruled and an exception reserved and judgment rendered for the appellee.

The only available specification found in the assignment of error calls in question the ruling of the court in overruling the motion for a new trial. But counsel for the appellee contend that owing to the condition of the record the questions which we shall hereafter consider are not properly in the record. We have examined the record carefully and think that counsel's contention is not well grounded.

There are several reasons for a new trial, but we do not regard it as necessary to consider all of them. Such as relate to certain instructions refused, and to the suppression of certain parts of the deposition of one Wilson, will suffice. We may consider the reasons to which we refer in the inverse order in which we have stated them.

The question at issue between the parties involves the *bona fides* of a certain conveyance made by Wilson, whose deposition we have referred to, to the appellant.

Wilson held title to the real estate and conveyed it to the appellant in payment of an indebtedness which he owed to one Isaac W. McCormick. One Jesse A. Mitchell held a judgment, rendered in the Daviess Circuit Court, against the said Isaac W. McCormick, and after the real estate had been conveyed to the appellant he, without execution on his judgment, caused the real estate to be levied upon and sold by the sheriff of Daviess county as the property of the said

Isaac W. McCormick.    The appellee became the purchaser at the sheriff's sale, and after the year of redemption had expired he received a conveyance from the sheriff.

The theory of the appellee is, that as Isaac W. McCormick paid the consideration to Wilson for the conveyance the appellant held the title in trust for the said Isaac W. McCormick and in fraud of his creditors; while the contention of the appellant is, that the arrangement was that the conveyance should be made to him by Wilson in payment of Wilson's debt to Isaac W. McCormick, and that the appellant would release a certain indebtedness which Isaac W. McCormick owed to him, and pay certain other creditors agreed upon of the said Isaac W. McCormick, in sums sufficient to aggregate the amount of the Wilson indebtedness, and that the transaction was in good faith.

The deposition of Wilson, referred to above, was taken on the part of the appellee, and counsel for the appellant appeared and cross-examined the witness.    The part of the deposition suppressed relates to the cross-examination.    In the examination in chief the appellee examined Wilson fully as to the transaction and consideration, and among other questions which he asked him was:

" What consideration passed between you and Crawford McCormick when you deeded those lots to him ?"

The witness answered:    " I sold those lots to Crawford McCormick to pay a debt I owed to Isaac McCormick, and a debt Isaac McCormick owed to Crawford McCormick. Crawford McCormick was to pay some debts Isaac McCormick owed to some other parties.    Mr. Thomas Graham and Samuel H. Taylor were two of the parties, and perhaps others whose names I do not remember."

On cross-examination the following questions were propounded to the witness, and the following answers given by him:

" 27.  If the deed of these lots to Crawford McCormick was made, as you state, in payment of your indebtedness to

Isaac McCormick, state why you made the deed to Crawford McCormick instead of Isaac McCormick."

"Isaac McCormick wanted to pay his debts, and any arrangement that I could make to pay any of his debts was all right with him. Then I went to Crawford McCormick and he agreed to take the lots at the price I offered them at in payment of a debt that Isaac owed him; Crawford McCormick also agreed to pay certain other debts from Isaac McCormick to Graham and Taylor, and perhaps others in payment of that deed to him."

"28. From whom, and in what manner did you learn of Isaac McCormick's indebtedness to Crawford McCormick and the other parties named?"

"I learned it from Graham and Taylor, and from Crawford McCormick and from Isaac McCormick; I knew it from what those parties told me at the time."

"29. Did you converse freely with the parties concerning the making of the deed, and was this the understanding upon which the deed was made?"

"Yes, sir."

We are of the opinion that these questions and answers were germane to the examination in chief, and that neither the form of the questions nor the language of the answers is objectionable, belonging, as they do, to the cross-examination of the witness.

The court suppressed the following part of the answer of the witness to question "27:" "Also agreed to pay certain other debts from Isaac McCormick to Graham and Taylor, and perhaps others in payment of that deed to him."

The answer of the witness as read to the jury after the ruling of the court suppressing the part thereof above was: "Isaac McCormick wanted to pay his debts, and any arrangement that I could make to pay any of his debts was all right with him. Then I went to Crawford McCormick and he agreed to take the lots at the price I offered them at in payment of a debt that Isaac owed him, Crawford McCormick."

The evidence in the case discloses that the debt claimed to be due to Crawford McCormick was $690.

This ruling of the court not only did great injustice to the witness, but was highly injurious to the appellant. The deposition, as read to the jury, makes the witness say that the appellant agreed to take the real estate at the price of $2,500 in payment of a debt of $690. A transaction like the one disclosed by the said answer after the court had suppressed the part thereof to which we have called attention, would bear the impress of unfairness on its very face, and when considered with the other evidence in the case introduced by the appellee, it is not surprising that the jury returned the verdict they did. Besides, the ruling of the court destroyed the answer which the witness gave, so that the answer purporting to come from the witness, as read to the jury, was in no sense his answer, but a substitute therefor brought about by the ruling of the court.

The witness testified that the appellant paid $2,500 for the real estate in controversy, while the court's ruling make him say that but $650 was paid.

If the part of the answer which the court struck out was properly struck out it destroyed the entire answer to the question, and the whole of it should have been stricken out. But we are inclined to think the entire answer was proper, and that no part of it should have been stricken out. It simply stated the consideration, and in what it consisted. We think questions " 28 " and " 29," and the answers thereto, were competent.

In the answer to question 28 the witness states the source of his information, and that he derived it from the parties interested at the time of the transaction.

By question " 29," and the answer thereto, the witness answers that he had conversed with the parties freely concerning the deed, and that it was made with the understanding that the appellant should pay $2,500 for the real estate in the manner indicated in former answers.

McCormick v. Smith.

We do not think the answer of the witness was the statement of a conclusion, but of a fact, after the circumstances had all been detailed by him relating to the transaction.

The appellant asked, at the proper time, that certain instructions which his counsel had prepared be given to the jury.

The 7th instruction was at follows:

" If you find from the evidence that at the time of the conveyance from Wilson he was indebted to Isaac W. McCormick and that Isaac W. McCormick was at the same time in failing circumstances, and was indebted to his half-brother, the plaintiff, and to Thomas B. Graham, Jesse W. Burton, Samuel H. Taylor, Dr. William Lemon, Jesse A. Mitchell and others, and that Mitchell had a judgment against said Isaac on his debt, then, under such circumstances, Wilson, Isaac W. McCormick and plaintiff would have had the legal right to enter into an arrangement by which Wilson should convey the real estate to plaintiff in payment of his debt to Isaac W. McCormick, and that the plaintiff should take the same in payment of his own claim and assume the debts of Lemon, Graham, Burton and Taylor, provided it was done in good faith on the part of Isaac W. McCormick and plaintiff with intent to pay and discharge the debts due from Isaac to plaintiffs, Graham, Lemon, Taylor and Burton, notwithstanding Mitchell and any other creditors of Isaac there might have been were not able to collect their debts.

" 8. And if you find that such arrangement as is stated in the foregoing instructions was entered into and carried out by the parties thereto in good faith, then it would make no difference how plaintiffs paid off Lemon, Graham, Burton and Taylor, and in such case you should find for the plaintiff."

These instructions, we think, stated the law correctly and were very pertinent to the evidence, and hence should have been given or their equivalent.

Isaac W. McCormick had the right to prefer some of his

creditors to the exclusion of others. The law in this particular is too well settled to require the citation of authorities; indeed, the trial court recognizes this rule in the instructions which it prepared and gave to the jury. But the instructions which the court gave were general in their character, and the appellant, upon request made to the court at the proper time, was entitled to a specific application of the rule to his evidence introduced to support his theory of the case.

As to the manner in which the appellant paid and satisfied the indebtedness assumed by him, whether by conveying part of the real estate or otherwise, was wholly immaterial to the other creditors if the conveyance was made to the appellant in good faith.

We think the court erred in suppressing the parts of the deposition to which we have called attention, and in refusing to give the said instructions.

Other questions discussed may not arise again and need not be considered.

Judgment reversed, with costs.

Filed Feb. 6, 1891.